KÖRBER & Co., Plaintiffs and Appellees, *v.* MARTHA F. CAUL, Defendant and Appellant.

No. 4250. Argued June 7, 1928.—Decided July 19, 1928.

*O. B. Frazer* and *R. Castro Fernández* for the appellant. *Jaime Sifre Jr.* and *Diego C. Marrero* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The complaint herein was filed in December, 1922. After a demurrer had been overruled defendant answered in February, 1923. In September at the threshold of the trial counsel for defendant moved for a continuance and upon the overruling of the motion withdrew from the case. Thereupon the evidence for plaintiff was introduced in the absence of defendant and a judgment for plaintiff was rendered on September 18th.

Defendant subsequently employed another attorney, obtained an order setting aside the judgment, and on September 28th filed an amended answer and a cross-complaint.

In March, 1924, plaintiff demurred to the answer and moved to strike the cross-complaint.

Negotiations for a settlement were then begun. There is nothing to show how long these negotiations continued. There is nothing to show that they were definitely abandoned at any time before the next step in the action was taken by the court of its own initiative.

On February 4, 1927, the district judge ordered the parties to show cause why the action should not be dismissed for want of prosecution.

In response to this order counsel for plaintiff made a more or less perfunctory statement in the form of a motion

unaccompanied by an affidavit or other exhibit, and on February 19th the action was dismissed.

Counsel for plaintiff thereupon moved for a rehearing and for the reinstatement of the case. The motion was accompanied by a sworn statement which tended to explain and to excuse the delay.

Defendant appeals from an order setting aside the judgment of dismissal and reopening the case.

From the affidavit upon which the order last mentioned was based it appears that in July, 1924, the attorney for plaintiff was obliged to accompany his wife on a trip to Rochester, Minnesota, for the purpose of submitting to a surgical operation and did not return to Porto Rico until October of that year; that upon such return counsel found it necessary to give immediate attention to other more urgent matters; that the said attorney himself was then ill and that this condition continued until May of the year following, when he became unable to give further attention to his business affairs and was compelled to leave his office for more than a year; that he resumed work but a few months before the date of the order to show cause; that approximately three months of affiant's absence had been spent in the North, and a like period in Aibonito and at the Central Carmen in Vega Alta; that this prolonged absence from the office had resulted in a great accumulation of work which demanded the constant attention of counsel since the date of his return to the office; that the case could not be turned over to any one of the attorneys in the office of the affiant for the reason that affiant alone was conversant therewith, and that in the opinion of affiant Körber & Co. have a good cause of action against the defendant.

If counsel for cross-complainant had moved for a hearing of the demurrer and of the motion to strike the cross-complaint, and, after having disposed of these matters, had pressed for a trial on the merits, plaintiff, of course, would have found it necessary, in order to obtain a series of con-

tinuances, to make a stronger showing than was made upon the motion for a rehearing and reinstatement. Indeed, counsel for plaintiff would have had small reason to complain if the court below had denied the motion last mentioned. Obviously, however, there were extenuating circumstances, and a district judge has a very broad discretion in matters of this kind. That discretion should also be exercised always in the interest of substantial justice, and in favor of a trial on the merits in the event of a serious doubt as to whether or not a party should be given another opportunity to be heard.

All things considered, and especially the previous order setting aside the original judgment for plaintiff, the subsequent filing of an amended answer, of a cross-complaint, of a demurrer to such answer, and of a motion to strike the cross-complaint, together with the circumstance that the question so raised was still pending and undetermined at the time of the order to show cause, we find no such clear abuse of discretion by the trial judge as to warrant a reversal.

The order appealed from must be affirmed.